Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Thompson, | ) Case No. |
| | ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT AND** |
| | ) **TRIAL BY JURY DEMAND** |
| vs. | ) |
| | ) |
| Comenity Capital Bank f/k/a World | ) |
| Financial Capital Bank, | ) |
| John Doe Corporation, and | ) |
| Alliance Data Systems Corporation, | ) |
| | |
| Defendants. | |

Plaintiff, Jeanette Thompson, files this Class Action Complaint and Trial by Jury Demand on behalf of herself and a class of persons similarly situated.  The allegations herein are based upon Plaintiff's personal knowledge as to her own actions and conduct and upon information and good-faith belief as to all other matters set forth.

## NATURE OF ACTION

1.    This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, providing in

pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

*****

(iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.  *See Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740 (2012).

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

5.    Plaintiff, Jeanette Thompson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Tucson.

6.    Defendant, Alliance Data Systems Corporation ("Alliance"), is a publicly-traded corporation organized under the laws of the state of Delaware, and which has its headquarters at 7500 Dallas Parkway, Suite 700, Plano, Texas 75024.

7.    Alliance can be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St, Wilmington, Delaware, 19801.

8.     Alliance describes itself as a "leading provider of data-driven and transaction-based marketing and customer loyalty solutions."  (*See* 2011 Annual Report filed with the Securities and Exchange Commission).

9.     Alliance has three business divisions, including its Private Label Services and Credit division ("Private Label Division"), which generates half of its $3 billion in annual revenue.

10.     Under its Private Label Division, Alliance offers retail stores the ability to offer their customers retail-branded credit cards.

11.     Alliance's 2011 Annual Statement filed with the Securities and Exchange Commission states that Alliance itself "provide[s] collection activities on delinquent accounts to support our private label and co-brand credit card programs."  (*See* 2011 Annual Report, Form 10-K, at 7).

12.     Defendant, Comenity Capital Bank ("CCB"), formerly known as World Financial Capital Bank, is an industrial bank chartered in the state of Utah.

13.     CCB is a wholly-owned subsidiary of Alliance that issues credit card accounts to support Alliance's Private Label Division.

14.     CCB can be served at its main office, which is located at 2855 East Cottonwood Parkway, Suite 100, Salt Lake City, UT  84121.

15.     Defendant, John Doe Corporation ("Doe") is a fictitious, wholly-owned subsidiary that, upon information and good-faith belief, performs collection activities on behalf of Alliance for credit card accounts originated by CCB.

16.     CCB and Doe are agents of Alliance.

17.     CCB and Doe are completely controlled by Alliance and act solely and entirely on behalf of, and in furtherance of the interest of, Alliance and its shareholders.

## FACTUAL ALLEGATIONS

18.     Plaintiff obtained a Home Shopping Network credit card account ("HSN account") issued by Alliance's bank, CCB f/k/a World Financial Capital Bank.

19.     Prior to July 2012, Plaintiff began receiving telephone calls to her home telephone number in reference to her HSN account.

20.     The live representatives at Alliance's call centers answer the phone using the name, "Comenity Bank."

21.     Upon information and belief, Doe handles all collections activities for Plaintiff's HSN account under a servicing agreement between CCB and Doe, but answers its phones as "Comenity Bank."  In the alternative, CCB handles collections activities for Plaintiff's HSN account.

22.     Plaintiff sent written correspondence, dated July 5, 2012, to Home Shopping Network's Customer Service Department, and in such correspondence Plaintiff demanded that CCB f/k/a World Financial Capital Bank cease and desist from any and all further communications with Plaintiff.

23.     Upon information and good-faith belief, CCB f/k/a World Financial Capital Bank received Plaintiff's cease-and-desist letter before July 29, 2012.

24.     Despite Plaintiff's express and unequivocal revocation of consent for CCB f/k/a World Financial Capital Bank to place any calls to Plaintiff, CCB f/k/a World

Financial Capital Bank and/or Doe placed calls to Plaintiff's home telephone, including, but not limited to, calls placed on the following dates and times:

- July 29, 2012 at 9:20 A.M.;
- July 29, 2012 at 11:15 A.M.;
- August 3, 2012 at 8:34 A.M.;
- August 3, 2012 at 8:54 A.M.;
- August 6, 2012 at 8:05 A.M.;
- August 6, 2012 at 2:12 P.M.;
- August 6, 2012 at 3:30 P.M.;
- August 6, 2012 at 5:09 P.M.;
- August 11, 2012 at 8:05 A.M.;
- August 11, 2012 at 10:24 A.M.;
- August 12, 2012 at 8:01 A.M.;
- August 12, 2012 at 9:13 A.M.; and
- August 12, 2012 at 12:33 P.M.

25.   During one of the above-referenced July 29, 2012 telephone calls, Plaintiff spoke with CCB f/k/a World Financial Capital Bank and/or Doe's agent and/or employee "Nicole," and at such time, Plaintiff again demanded that CCB f/k/a World Financial Capital Bank cease and desist from placing any further calls to Plaintiff.

26.   During the July 29, 2012 conversation, "Nicole" told Plaintiff that she would put a "do not call" notation on Plaintiff's account.

27.   During the above-referenced August 6, 2012 at 5:09 P.M. telephone call, Plaintiff spoke with CCB f/k/a World Financial Capital Bank and/or Doe's agent and/or employee "Rena," and at such time, Plaintiff again demanded that CCB f/k/a World Financial Capital Bank cease and desist from placing any further calls to Plaintiff.

28.   During the August 6, 2012 conversation, "Rena" told Plaintiff that she would put a "do not call" notation on Plaintiff's account.

29.     During the above-referenced August 12, 2012 at 12:33 P.M. telephone call, Plaintiff spoke with CCB f/k/a World Financial Capital Bank and/or Doe's agent and/or employee "Matt," and at such time, Plaintiff told Matt that she sent a certified cease-and-desist letter to CCB f/k/a World Financial Capital Bank and that the calls have been very frustrating, upsetting, and made Plaintiff anxious.

30.     During the August 12, 2012 conversation, "Matt" told Plaintiff that she had not sent the cease-and-desist letter to the correct address, but that he would put a "do not call" notation on Plaintiff's account.

31.     On August 16, 2012, Plaintiff sent another cease-and-desist letter to CCB f/k/a World Financial Capital Bank's main address, and in such correspondence Plaintiff demanded that CCB f/k/a World Financial Capital Bank cease and desist from any and all further communications with Plaintiff.

32.     CCB f/k/a World Financial Capital Bank received the August 16, 2012 correspondence via certified mail on August 20, 2012.

33.     Despite Plaintiff's express and unequivocal revocation of consent for CCB f/k/a World Financial Capital Bank to place any calls to Plaintiff, CCB f/k/a World Financial Capital Bank and/or Doe placed calls to Plaintiff's cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- August 24, 2012 at 8:27 A.M.;
- August 24, 2012 at 9:00 A.M.;
- August 24, 2012 at 3:42 P.M.;
- August 25, 2012 at 8:01 A.M.;
- August 25, 2012 at 10:16 A.M.; and

- August 25, 2012 at 11:19 A.M.

34.     Upon information and good-faith belief, Alliance, CCB, and/or Doe maintain business records that show all calls Defendants placed to Plaintiff's cellular telephone number.

35.     Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice.

36.     CCB f/k/a World Financial Capital Bank and/or Doe did not place any telephone calls to Plaintiff for emergency purposes.

37.     CCB f/k/a World Financial Capital Bank and/or Doe did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number—any consent, if it existed, having been expressly revoked in writing through Plaintiff's July 5, 2012 letter and August 16, 2012 letter and orally during telephone calls on July 29, 2012, on August 6, 2012, and yet again on August 12, 2012.

38.     Upon information and good-faith belief, CCB f/k/a World Financial Capital Bank and/or Doe placed the telephone calls to Plaintiff voluntarily.

39.     Upon information and good-faith belief, CCB f/k/a World Financial Capital Bank and/or Doe placed the telephone calls to Plaintiff under its own free will.

40.     Upon information and good-faith belief, CCB f/k/a World Financial Capital Bank and/or Doe had knowledge that they were using an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

41.    Upon information and good-faith belief, CCB f/k/a World Financial Capital Bank and/or Doe intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place each of the telephone calls identified above.

## CLASS ACTION ALLEGATIONS

42.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b), and (c) as a representative of the following Class:

> All persons and entities throughout the United States (1) to whom Defendant CCB f/k/a World Financial Capital Bank and/or Doe made or caused to be made calls (2) directed to a number assigned to a cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, from four years prior to the filing of the initial complaint in this action to the present.

43.    The proposed Class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, any entity in which Defendants have or had a controlling interest, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

44.    The Class is averred to be so numerous that joinder of all members is impracticable.

45.    The exact number of members of the Class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

46.     Upon information and good-faith belief, the proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendants.

47.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire Class.  Such issues include, but are not limited to:

a) Defendants' violations of the TCPA as alleged herein;

b) Defendants' use of an automatic telephone dialing system and/or an artificial or prerecorded voice;

c) Defendants' identical conduct particular to the matters at issue;

d) Whether Defendants acted voluntarily, under their own free will, had knowledge that they were using an automatic telephone dialing system and/or an artificial or prerecorded voice, and intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice; and

e) the availability of statutory penalties.

48.     Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.

49.     Plaintiff and all members of the Class's claims originate from the same conduct, practice, and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each Class member.   Like all

proposed members of the Class, Plaintiff received telephone calls from Defendants using an automatic telephone dialing system, and/or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227.  Thus, if brought and prosecuted individually, the claims of each of the members of the Class would require proof of the same material and substantive facts.

50.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests that are contrary to or in conflict with the members of the Class.

51.     Plaintiff is willing and prepared to serve this Court and the proposed Class.

52.     Plaintiff has retained the services of counsel who are experienced and competent in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent Plaintiff and all absent Class members.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the proposed Class would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

54.     The prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the parties opposing the Class.  Such incompatible standards of conduct and

varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the Class.

55.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the proposed Class, making final declaratory or injunctive relief appropriate.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed Class predominate over any questions affecting only individual members.

57.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   As the damages suffered by individual members of the proposed Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them, as the costs of pursuit would far exceed what any one plaintiff or Class member has at stake.   As a result, very little litigation has been commenced over the controversy alleged in this Complaint, and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions. Furthermore, the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

58.     There will be no difficulty in the management of this action as a class action.

59.     Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I
## DEFENDANT CCB

60.     Plaintiff repeats and re-alleges each and every allegation contained above.

61.     CCB f/k/a World Financial Capital Bank violated 47 U.S.C. 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

62.     CCB f/k/a World Financial Capital Bank willfully or knowingly violated 47 U.S.C. 227(b)(1)(A)(iii) as CCB f/k/a World Financial Capital Bank was advised, both in writing and orally, that it did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

63.     As a result of CCB's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

b)  Adjudging that CCB violated  47 U.S.C. § 227(b)(1)(A)(iii);

c) Enjoining CCB from continuing its violative behavior with respect to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and members of the Class actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and members of the Class treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times actual damages, whichever is greater;

f) Awarding Plaintiff and members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT DOE**

64.     Plaintiff repeats and re-alleges each and every allegation contained above.

65.     Doe violated 47 U.S.C. 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

66.     Doe willfully or knowingly violated 47 U.S.C. 227(b)(1)(A)(iii) as Doe was advised, both in writing and orally, that it did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial

or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

67.    As a result of Doe's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

b) Adjudging that Doe violated  47 U.S.C. § 227(b)(1)(A)(iii);

c) Enjoining Doe from continuing its violative behavior with respect to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and members of the Class actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and members of the Class treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times  actual damages, whichever is greater;

f) Awarding Plaintiff and members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**DEFENDANT ALLIANCE**

68.     Plaintiff repeats and re-alleges each and every allegation contained above.

69.     CCB f/k/a World Financial Capital Bank and/or Doe violated 47 U.S.C. 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

70.     CCB f/k/a World Financial Capital Bank and/or Doe willfully or knowingly violated 47 U.S.C. 227(b)(1)(A)(iii) as CCB f/k/a World Financial Capital Bank and/or Doe was advised, both in writing and orally, that it did not have consent to call Plaintiff's cellular telephone, yet repeatedly used an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway.

71.     Because CCB f/k/a World Financial Capital Bank and/or Doe is an agent of Alliance, entirely controlled by Alliance and acting solely on behalf of, and in furtherance of Alliance's interests, Alliance is liable for the conduct of CCB f/k/a World Financial Capital Bank and/or Doe.

72.     As a result of CCB and/or Doe's violations of 47 U.S.C. 227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

b) Adjudging that CCB and/or Doe violated 47 U.S.C. § 227(b)(1)(A)(iii);

c) Adjudging that Alliance is liable for the actions of its agent, CCB and/or Doe;

d) Enjoining Alliance from continuing its violative behavior with respect to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3)(A);

e) Awarding Plaintiff and members of the Class actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff and members of the Class treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times actual damages, whichever is greater;

g) Awarding Plaintiff and members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

73.    Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 17th day of January, 2013.

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff